IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC SHRUM, individually, and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Silgan Plastics Corporation, a foreign corporation, <br><br> Defendant. | 12 CV 08955 <br><br> Magistrate Judge Arlander Keys |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff Eric Shrum ("Plaintiff") moves this Court to enter an Order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement Agreement") (a copy of which is being submitted to the Court for *in camera* review with the courtesy copy of this Motion); and (iii) appointing Favaro & Gorman, Ltd. as class counsel. Defendant Silgan Plastics Corporation does oppose this motion. In support of this Motion, the Plaintiff states as follows:

1. Plaintiff filed this lawsuit alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Wage Payment and Collection Act, 80 ILCS §115 *et seq.* ("IWPCA") and the Illinois Minimum Wage Law 820 ILCS §105 *et seq.* ("IMWL"). Specifically, Plaintiff alleged the Defendant edited the time records of Plaintiff and the other members of the putative class and therefore failed to keep proper time records of the Plaintiff and the putative class and failed to pay all overtime hours

worked by Plaintiff and the other members of the putative class, all in violation of the FLSA, IWPCA and IMWL. Defendant denies the allegations in Plaintiff's complaint as further set forth in its answer and affirmative defenses. .

2.     Counsel for Plaintiff and the Defendant have analyzed the legal and factual issues presented in this action (including sampling Defendant's time and pay data), the risks and expense of pursuing this litigation to its conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. On June 24, 2013, United States Magistrate Judge Arlander Keys conducted a settlement conference at which, with the assistance of the Court, counsel for the Plaintiff and the Defendant reached a settlement of this dispute which has been incorporated into the Settlement Agreement.

3.     The parties desire to settle and compromise the litigation on the terms and conditions stated in the Settlement Agreement and further agree as follows:

   a.     <u>Class Certification</u>.     The parties agree to the certification of a class for settlement purposes only, consisting of:

> all individuals who worked at Defendant's production facility located in Woodstock, Illinois from November 8, 2009 through June 24, 2013 who were classified as non-exempt under the FLSA and IMWL and paid on an hourly basis.

The class consists of approximately 240 individuals.

   b.     <u>Class Notice</u>.     The Defendant will give, or cause to be given, notice to the class members by a form of U.S. Mail which permits the provision of address correction information. The notices shall be mailed by a third-party administrator.

   c.     <u>Class Members' Right to Opt Out</u>.     Class members may seek to

2

be excluded from the Settlement Agreement and this lawsuit by opting out of the settlement class within 60 calendar days after the date class notice is first mailed. Any member who opts out of the settlement class shall not be bound by the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement.

    d. <u>Relief to Plaintiff and the Class</u>. Defendant will pay the amount of $273,334.34 as the class recovery to be distributed among the class as described hereafter. Defendant also agrees to pay $10,000.00 to Plaintiff in recognition of his services as class representative. Each class member who does not exclude himself or herself will receive a share of the class recovery by check, void after 120 days of issuance.

    e. <u>Distribution of Class Recovery</u>. The class recovery will be distributed as follows: each class member will receive a share of the $273,333.34 based on the total amount of compensation received by the class member between November 8, 2009 and June 24, 2013. Counsel for Plaintiff and Defendant agree that this method of distribution fairly accounts for variations in hours worked and rates of pay among the class members. The exact amounts which will be distributed to each class member are set forth in Exhibit A to the Joint Stipulation and Agreement to Settle Class Action Claims being submitted to the Court for *in camera* review.

    f. <u>Attorney's Fees and Costs</u>. Defendant has agreed to pay Plaintiff's Counsel an award of attorney's fees and related litigation costs and expenses in an amount of $141,666.66 (the "Fee Award"). The Fee Award is a separate payment from the $273,334.34 being distributed to the Class and $10,000 being paid to Plaintiff.

Plaintiff's counsel will not request additional fees or costs from Defendant or the class members and Defendant will not oppose or caused to be opposed an application for attorney's fees and costs in the amount of $141,666.664. Judge Keys assisted the parties in the negotiation of the Fee Award.

        g.    <u>Class Notice and Administration</u>.    Defendant shall bear all costs of administration, including costs of class notice, management of class member's elections and distribution of class recovery.

    4.    As discussed below, Plaintiff asserts that the settlement satisfies all the requirements of Rule 23. Solely for the purpose of achieving this settlement, Defendant has elected not to contest Plaintiff's assertions regarding class certification.

        (a)    **Rule 23(a)(1) – The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.**

There are 240 persons who meet the definition of the settlement class set forth above. Such a number is sufficient to satisfy the numerosity requirement of Rule 23(a)(1), *See Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient).

        (b)    **Rule 23(a)(2) – The Claims Of The Settlement Class Arise From Common Questions Of Law And Fact.**

The "threshold requirements of commonality and typicality [under Rule 23(a)(1) and (2)] are not high." *Shipes v. Trinity Industries*, 987 F.2d 584, 596 (7th Cir. 1993). The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims rise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992).

In the present case all class members and Plaintiff were allegedly subject to

4

violations of the FLSA, IWPCA and IMWL arising out of the adjustment of the time records from a time records system used by all members of the class. Plaintiff and the class are therefore united by a common issue.

### (c) Rule 23(a)(3) – Named Plaintiff's Claims Are Typical Of The Other Claims Of The Settlement Case.

The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

In the present case all class members and Plaintiff were allegedly subject to violations of the FLSA, IWPCA and IMWL arising out of the adjustment of the time records from a time records system used by all members of the class. Accordingly, the typicality requirement of Rule 23(a)(3) presents no obstacle to certification of a settlement class in the present matter.

### (d) Rule 23(a)(4) – Plaintiff Will Fairly And Adequately Protect The Interests Of The Settlement Class.

The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involves two considerations: (1) whether the plaintiffs' attorneys are properly qualified and

experienced to conduct the litigation; and (2) whether the plaintiffs have any interests antagonistic to the Class. *General Tel. Co. v. Falcon,* 102 S.Ct. 2364, 2370, n.13 (1982); *Retired Chicago Policy Ass'n.,* 7 F.3d 584, 598 (7th Cir. 1993).

Plaintiff's counsel is experienced in class action and wage litigation. (Exhibit "B"). As the plaintiff has shown through his prosecution of this matter, he has no interests which are antagonistic to the settlement class members. Plaintiff has engaged in informal discovery to determine the value of the claims and has negotiated a settlement that obtains a meaningful settlement for the class members. Therefore, Plaintiff and his counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4).

### (e) The Settlement Class May Be Certified Pursuant to Rule 23(b)(3).

Class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.,* 782 F.2d 468, 472 (5th Cir. 1986). Courts "generally focus on the liability issues on deciding whether the predominance requirement is met, and if the liability issue is common to the Class, common questions are held to predominate." *In re Alexander Grant & Co. Litigation,* 110 F.R.D. 528, 534 (S.D. Fla. 1986): *see also Dura-Built Cor. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 89 (S.D.N.Y. 1981).

In the present case, common issues relating to the alleged violations of the FLSA, IWPCA and IMWL arising out of the adjustment of the time records from a time records system used by all members of the class predominate over individual issues, as required by Rule 23(b)(3).

### (f) A Class Action Is Superior To Other Methods of

### Resolving This Matter.

For many of the reasons set forth above, a class action is the superior method to resolve the claims presented in this action. In determining the superiority of a class action, the Court must consider the best available method of resolving the controversy in keeping with the goal of judicial economy. In reaching this determination, the Court should consider the inability of the uninformed to bring their claims and the improbability that large numbers of class members would possess the initiative to litigate individually. *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974). In *Phillips Petroleum Company v. Shutts,* 472 U.S. 797, 809, 105 S.Ct. 2965 (1985), The Supreme Court recognized that in cases where the class members' claims are too many or too small to litigate on an individual basis, the Court can certify the case as a class action under Rule 23(b)(3).

Given the number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the settlement class members in this case, within the meaning of Rule 23(b)(3). To the extent that any Class member wishes to pursue any such individual claim, they are free to opt out of the settlement under Rule 23(b)(3).

5. Counsel for Plaintiff and the proposed class believe that the settlement of these actions on the terms and conditions set for in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

6. The parties request (a) 21 days from the date of the entry of the order to cause notice to be mailed to the class; (b) that the class members be allowed 60 days from the date of mailing to opt out or object; and (c) a date for a hearing on the fairness of the

settlement at least three weeks following the class members' deadline, so that the class members' submissions can be processed.

WHEREFORE, the Plaintiff respectfully request that the Court enter an order which (i) certifies a class and collective action for settlement purposes; (ii) grants preliminary approval of the proposed settlement, (iii) appoints Favaro & Gorman, Ltd. as class counsel; (iv) directs the mailing of notice, in the form attached to the Settlement Agreement; and (v) sets dates for opt-outs and objections, and (vi) schedules a hearing for final approval under Fed.R.Civ.P. 23(e)(3).

Respectfully Submitted,

s/Patrick J. Gorman
One of Plaintiffs' Attorneys

Patrick J. Gorman
Andrew H. Haber
Favaro & Gorman, Ltd.
835 Sterling Ave., Ste. 100
Palatine, IL 60067
847 934-0060

4845-3042-8693, v. 1