## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ERIC SHRUM, individually, and on behalf of all other similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **12 CV 08955** |
| | ) | **Magistrate Judge Arlander Keys** |
| **vs.** | ) ) | |
| **Silgan Plastics Corporation, a foreign corporation,** | ) ) ) | |
| **Defendants.** | ) | |

## MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Eric Shrum, individually and on behalf of all others similarly situated, by their undersigned attorneys, hereby submit their Motion for Final Approval of Settlement. In support of this Motion, Plaintiff states as follows:

1.     On November 8, 2012, Plaintiff filed a complaint alleging that Defendant's hourly employees at its Woodstock, Illinois facility were not being paid for all hours worked and for overtime hours.

2.     On June 24, 2013, Plaintiff and Defendant participated in a settlement conference with this Court. At that time, the parties agreed to settle this matter and agreed to send notice to similarly-situated employees of Defendant and advising of their rights and options under the settlement.

3.     The parties subsequently entered into a Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement Agreement"), which the parties agreed would be submitted for *in camera* inspection by the Court and not publicly filed unless so ordered by the Court.

4.     Under the terms of the Settlement Agreement, the parties identified a class of certain employees of Defendant, specifically: "all individuals who worked at Defendant's production facility located in Woodstock, Illinois, from November 8, 2009 through June 24, 2013 who were classified as non-exempt under the FLSA and IMWL

and paid on an hourly basis." The Settlement Agreement also contained a calculation of amounts to be paid to each named employee, notice provisions and other matters relating to the settlement. The employees were provided 60 days notice of their right to opt-out of the proposed settlement class or otherwise be included in the settlement.

5.       The opt-out date now having passed, Plaintiff asks this Court to approve the settlement of this matter as a just and fair resolution of litigation.

6.       Under the terms of the Settlement Agreement, Simpluris, Inc. was appointed as claims administrator and has been responsible for the administration of claims, including, but not limited to, mailing notice and receiving opt-outs. The administrator did not receive any opt-outs. The declaration of Danielle Behring, on behalf of Simpluris, Inc., is attached hereto as Exhibit A.

7.       The amount to be distributed to each member of the settlement class is identified in Exhibit A to the Settlement Agreement.

8.       A final approval of the settlement is appropriate where a Court determines that a settlement is fair, reasonable and adequate. *See Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463F.3d 646, 652 (7th Cir. 2005).

9.       The amount to be paid to the class fairly reflects amounts of unpaid hours and overtime hours for the class members. The settlement is a fair, adequate and reasonable settlement of this action and the settlement has been arrived at through arms-length negotiations, taking into account all relevant factors, present and potential. The settlement was reached after extensive negotiations, and through this Court's supervision and involvement in a settlement conference. The settlement is not a product of fraud or collusion. Plaintiff recognizes the expense and length of the proceedings necessary to continue litigation against Defendant through trial and any possible appeals. Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, the defenses raised by Defendant, and the difficulties and delays inherent in litigation. Defendant has concluded that the defense of this litigation would be protracted and expensive for all parties. Unless this settlement is made, Defendant would be required to devote substantial amounts of time, energy and resources to the defense of the claims asserted by Plaintiff. Accordingly, this Court should find that the settlement is "fair, adequate and reasonable" and approve the same.

10.     The Court has jurisdiction over the subject matter of this action and over the parties identified as class members pursuant to 28 U.S.C. §1331, 1367, 1441, 1446 and 636(c).

11.     The notice given to similarly situated employees adequately informed the class members of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the class and pursue their own remedies, their opportunity to file written objections and to appear and be heard at the final approval hearing regarding approval of the Settlement Agreement as well as adequate contact information for the Administrator and Class Counsel.  Accordingly, the Court should find that the Class Notice satisfies the requirements of Fed.R.Civ.P 23(e)(1)(B) and the FLSA.

12.     Plaintiff, Eric Shrum, should be appointed as Class Representative and Patrick J. Gorman and Andrew H. Haber of Favaro & Gorman, Ltd., should be appointed as Class Counsel.

13.     Plaintiff, Eric Shrum, has faithfully and diligently served as Class Representative in this matter, assisting Class Counsel and actively participating in the litigation.  Pursuant to the terms of the Settlement Agreement, Eric Shrum is to receive a Class Representative Incentive Award in the amount of $10,000.00, which is an appropriate award in light of Plaintiff's service to the class, the overall result achieved, and that Plaintiff's own recovery under the Settlement Agreement is otherwise limited to $1,287.35, whereas the highest settlement award is $4,003.40.

14.     As the CAFA notices required by 28 U.S.C. §1715 were not served until October 30, 2013, this Court cannot enter its Final Approval earlier than January 29, 2014.

15.     Plaintiff asks that the Court dismiss his case without prejudice, and that the Court automatically convert such dismissal to a dismissal with prejudice after September 3, 2014, which would allow for the conclusion of the Claims Administrator's duties as specified in the Settlement Agreement plus 30 days.

16.     A proposed Order for Final Approval is attached hereto as Exhibit B.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a)    Enter the Order attached hereto as Exhibit B, and;

    b)    Grant such other and further relief as is just and proper.

                    Respectfully Submitted,

                    */s/ Patrick J. Gorman*
                    One of Plaintiffs' Attorneys

Patrick J. Gorman
Andrew H. Haber
Favaro & Gorman, Ltd.
835 Sterling Ave., Ste. 100
Palatine, IL 60067
847 934-0060
fax:  847 934-689

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| **ERIC SHRUM, individually, and on behalf of all other similarly situated,** | Case No. 12-cv-08955 |
| **Plaintiff,** | Assigned to the Honorable Gary Feinerman Magistrate Judge Arlander Keys |
| v. | **CLASS ACTION** |
| **SILGAN PLASTICS CORPORATION,** | |
| **Defendants.** | **DECLARATION OF DANIELLE BEHRING REGARDING MAILING OF CLASS NOTICE** |
| | Date: January 15, 2014 Time: 10:00 a.m. |

## DECLARATION OF DANIELLE BEHRING

I, DANIELLE BEHRING, declare the following facts to be true and correct and if called as a witness would testify competently to the same:

1.      I am employed as a Case Manager by Simpluris, Inc. ("Simpluris"), the Claims Administrator in the above-entitled action. Our Corporate Address is 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626. My telephone number is (714) 640-5659. I am over 21 years of age and authorized to make this declaration on behalf of Simpluris and myself.

2.      Simpluris is a class action settlement administration company headquartered in Costa Mesa, California. It was founded by individuals who have each managed hundreds of settlements along with professionals in the areas of software development, third-party claims administration, mail-house operations and call center support management.

3.      Simpluris was appointed by the Court as Claims Administrator to administer the settlement in accordance with the terms of the Joint Stipulation and Agreement to Settle Class

1  Action Claims entered into by the parties, (the "Agreement"). Simpluris has been, and if the Court

2  grants final approval of the Settlement, will be responsible for, among other things: (a) printing

3  and mailing the Summary Notice Form; (b) receiving undeliverable Notices; (c) receiving and

4  validating written Opt Outs; (d) calculating individual settlement payments, distributing funds,

5

6  and tax-reporting following final approval; (e) mailing settlement checks; (f) answering questions

7  from Class Members; and (g) performing such other tasks necessary to effectuate the terms of the

8  Settlement or as the Parties mutually agree or the Court orders Simpluris to perform.

9
                              **NOTIFICATION TO THE CLASS**
10

11        4.      On September 30, 2013, Simpluris received the Court-approved Notice from Counsel.

12  The Notice advised Class Members of their right to opt out from the Settlement, object to the

13  Settlement, or do nothing, and the implications of each such action. The Notice advised Class

14  Members of applicable deadlines and other events, including the Final Approval Hearing, and how

15
    Class Members could obtain additional information. The Notice was pre-printed with the name and
16
    address of the Class Member and their estimated Settlement Award. A sample mailing is attached
17
18  hereto as **Exhibit A**.

19        5.      On September 30, 2013, Defendant provided Simpluris with a mailing list containing

20  the name, last known address, Social Security number, and pertinent employment information during

21  the Class Period for the Class Members. The mailing list contained data for two hundred-forty (240)
22
    Class Members.
23

24        6.      The mailing addresses contained in the mailing list were processed and updated

25  utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal

26  Service. The NCOA contains changes of address filed with the U.S. Postal Service. In the event

27  that any individual had filed a U.S. Postal Service change of address request, the address listed with
28
    the NCOA was utilized in connection with the mailing of the Notices.

---

7.     On October 21, 2013, after updating the mailing addresses through the NCOA, Notices were mailed via First Class Mail to two hundred-forty (240) Class Members contained in the mailing list.

8.     If a Class Member's Notice Packet was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name, previous address and Social Security Number to locate a current address. Through the advanced address searches, Simpluris was able to locate eight (8) updated addresses and Simpluris promptly mailed Notice Packets to those updated addresses. Ultimately, two (2) Notices were undeliverable because Simpluris was unable to locate a current address.

## EXCLUSIONS AND OBJECTIONS

9.     As of this date, Simpluris has not received any Opt Outs..

10.     Class Members who wished to object were directed to file their objection with the Court and serve a copy of the objection on the attorneys for the parties. As of this date, Simpluris has not received any objections.

11.     As of this date, there are two-hundred forty (240) Class Members who will be paid their portion of the Settlement Awards, estimated to be $273,333.34. The Settlement Awards available to pay Class Members was determined by subtracting the Class Representatives Incentive Award ($10,000.00), and the Attorneys' Fees and Litigation Costs ($141,666.66) from the Settlement Fund ($425,000.00). As of this date, the highest Settlement Award to be paid is approximately $4,003.40 and the average Settlement Award to be paid is approximately $1,138.89.

12.     The most current weekly report is attached hereto as **Exhibit B**.

**DECLARATION OF DANIELLE BEHRING REGARDING NOTICE SETTLEMENT ADMINISTRATION**

## ADMINISTRATION COSTS

13.　Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, are $13,500.00. Simpluris' work in connection with this matter will continue with the calculation of the settlement checks, issuance and mailing of those settlement checks, etc., and to do the necessary tax reporting on such payments.

　I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct. Executed this 3rd day of January, 2014, in Winter Park, Florida.

_D. Behring_
Danielle Behring

DECLARATION OF DANIELLE BEHRING REGARDING NOTICE SETTLEMENT ADMINISTRATION

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**If you were employed at Silgan Plastics Corporation's production facility located in Woodstock, Illinois between November 8, 2009 and June 24, 2013 and were paid on an hourly basis, you could receive an award from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

«Barcode»   «BarcodeString»
SIMID «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State» «Zip»

Name/Address Changes:
_____
_____
_____

- On November 8, 2012, Eric Shrum filed a class action lawsuit alleging that hourly employees at Silgan Plastics Corporation's Woodstock, Illinois facility were not being paid for all hours worked and for all overtime hours worked in excess of forty hours in a workweek.

*Your legal rights will be affected whether you act or don't act.*
*Please read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **EXCLUDE YOURSELF** | Get no payment. You will not participate in the settlement. This is the only option that allows you to ever be part of any other lawsuit against Silgan Plastics Corporation about the legal claims raised in this case. |
| **OBJECT** | Write to the Court about why you do not believe the settlement is fair. |
| **GO TO A HEARING** | Ask to speak in Court in Chicago about the fairness of the settlement. |
| **DO NOTHING** | If you do nothing, then you will get a settlement payment. |

***This notice further explains your rights and options and the deadlines to exercise them.***

- In order to settle this lawsuit, Silgan Plastics Corporation agreed to:
  - Pay $425,000.00 in Settlement Funds to:
    - compensate people who were allegedly denied pay for all hours worked and overtime pay for all hours worked in excess of forty in a workweek;
    - compensate Eric Shrum for the service that he performed in bringing this lawsuit;
    - pay for administering the settlement; and
    - compensate the plaintiffs' lawyers for their costs, expenses, and reasonable attorney's fees.
- The Court in charge of this case has to first decide whether to approve the settlement. Settlement Funds will be distributed if the Court approves the settlement and after any appeals are resolved. The approval process may take several months. Please be patient.

Page 1 of 6
SUMMARY NOTICE FORM
Questions? Call the Toll Free Number at (888) 369-3780

«Barcode»
«BarcodeString»                                                                SIMID «SIMID»

## BASIC INFORMATION

**1.  What is this lawsuit about?**

This lawsuit alleges that Silgan Plastics Corporation did not pay employees for all hours worked and for all overtime hours worked in excess of forty in a workweek.

**2.  Why is this a class action?**

In a class action, one or more people called Class Representatives sue as representatives of a larger group of people with similar legal claims.  Together, they are called a "Class."  Individuals in the Class are called "Class Members."  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Court Magistrate Judge Arlander Keys in Chicago is in charge of this class action.

**3.  Why is there a settlement?**

The Court has <u>not</u> decided in favor of the Plaintiff or in favor of Silgan Plastics Corporation. There has been no trial or other ruling on the claims of the Class or Plaintiff, and this proposed settlement should not be construed as an admission of liability or wrongdoing on the part of Silgan Plastics Corporation. Instead, both sides have agreed to a proposed settlement to avoid further litigation. The proposed settlement would provide affected Class Members compensation for their claims and avoid the costs, delays, and uncertainties of further litigation and a trial. The Named Plaintiff and his attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

**4.  How do I know if I am in the settlement?**

You are receiving this notice because Silgan Plastics Corporation's records show that you worked at its production facility in Woodstock, Illinois between November 8, 2009 and June 24, 2013 and were paid on an hourly basis.

**If you received this notice, then you will receive a settlement payment unless you exclude yourself from the settlement.**

## THE SETTLEMENT BENEFITS —WHAT YOU GET

**5.  What benefits does the settlement provide to Class Members?**

Silgan Plastics Corporation will pay $425,000 to settle this lawsuit.  From that amount, payments will be made to Class Counsel for attorneys' fees and costs, to the Claims Administrator for administering the Settlement, and to the Named Plaintiff for the risk he incurred and the time he spent in pursuing these claims. After these deductions are made, $273,333.34 will be made available to 240 Class Members.

Silgan Plastics Corporation, with the assistance of the attorneys representing it in this lawsuit, has reviewed records relating to the pay and hours worked for each Class Member to determine how much each is owed as part of the Settlement.  Each Class Member will receive a proportionate share of the $273,333.34 based on the total amount of compensation received by the Class Member between November 8, 2009 and June 24, 2013.  Class Counsel approved this method of calculating settlement awards and reviewed and approved the specific award for each Class Member.

After conducting this analysis, Silgan Plastics Corporation has determined that you are entitled to the following damage award: $<<MERGED_EstSettAmnt>>.

**If you do not cash your initial check by the check cashing deadline, then you will not receive a second check.**

«Barcode»
«BarcodeString»                                                                                    SIMID «SIMID»

## 6. Can my employer fire me or retaliate against me for participating in this lawsuit?

No. Illinois and federal law protects individuals from retaliation based on their decision to participate in a settlement of claims brought under the state and federal wage and hour laws. Your decision to participate or object to this Settlement will not impact your employment with Silgan Plastics Corporation or its treatment of you as a former employee. **Silgan Plastics Corporation is prohibited by law from retaliating against you in any way based on your decision to participate in the settlement.**

## HOW YOU GET A SETTLEMENT PAYMENT

## 7. How can I get a settlement payment?

If you do not exclude yourself from the lawsuit, then you will receive a settlement payment.

## 8. When will I get an award?

The Court will hold a hearing on January 15, 2014 at 10:00 a.m. to decide whether to approve the settlement. If Magistrate Keys approves the settlement after the hearing and there are no appeals, payments should be received within 51 days of the hearing. If there are appeals, resolving them can take time, perhaps more than a year. If there are no appeals, payment will be much quicker. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 9. If I want to get out of the settlement, what do I do?

If you want to keep the right to sue Silgan Plastics Corporation or any persons or entities related to Silgan Plastics Corporation about the legal issues in this case then you must take steps to get out of the settlement. This is called "excluding yourself" — or is sometimes referred to as "opting out" of the Settlement Class.

To exclude yourself from the settlement, you must mail a signed letter stating:

"I am requesting to be excluded from the class monetary settlement. I understand that I will receive no money from the settlement."

The letter must contain your name, address, and signature. Your letter must be sent to the Settlement Administrator at the address below and postmarked no later than **December 20, 2013.**

| SETTLEMENT ADMINISTRATOR |
| --- |
| Silgan Plastics Settlement |
| c/o Simpluris, Inc. |
| P.O. Box 26170 |
| Santa Ana, CA 92799 |

If you timely mail a letter requesting to exclude yourself from the settlement within the 60 day time limit, then you **will** be excluded from the settlement, **you will not get any settlement award,** and you **cannot** object to the Settlement, but you will not be legally bound by anything that happens in this lawsuit.

## 10. What am I giving up to get an award or stay in the Class?

Unless you exclude yourself, you are staying in the Class and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Silgan Plastics Corporation or any persons or entities related to Silgan Plastics Corporation regarding any claims under the Fair Labor Standards Act, Illinois Minimum Wage Law, or the Illinois Wage Payment and Collection Act arising out of your work at Silgan Plastics Corporation's facility in Woodstock, Illinois. It also means that all of the Court's orders will apply to you and legally bind you if you do nothing.

«Barcode»
«BarcodeString»

SIMID «SIMID»

## THE LAWYERS REPRESENTING YOU

| 11. Do I have a lawyer in this case? |
|---|

The Court has appointed the law firm of Favaro & Gorman, Ltd. in Palatine, Illinois to represent you and the other Class Members. These lawyers are called Class Counsel.

| 12. How will the lawyers be paid? |
|---|

You will not be personally charged to be represented by Class Counsel. Instead, they will be paid out of the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court to approve payment of $141,666.66 from the Settlement Funds to compensate them for their attorneys' fees and expenses incurred in investigating the facts, litigating the case, and negotiating the settlement. Silgan Plastics Corporation has agreed not to oppose Class Counsel's request to pay this amount. It will be up to the Court to determine the amount of fees to be paid to Class Counsel.

## OBJECTING TO THE SETTLEMENT

You have the legal right to inform the Court that you do not believe the proposed settlement is fair.

| 13. How do I tell the Court if I don't like the settlement? |
|---|

You can object to the settlement if you don't believe that any part of it is fair. You must give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter, which must be postmarked no later than **December 20, 2013**, to the three addresses below:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Northern District of Illinois<br>**Attn: Silgan Plastics Corporation Wage and Hour Case, No. 12-cv-8955**<br>219 South Dearborn<br>Chicago, IL 60604 | Andrew Haber<br>Patrick Gorman<br>Favaro & Gorman, Ltd.<br>**Attn: Silgan Plastics Corporation Wage and Hour Case, No. 12-cv-8955**<br>835 Sterling Ave.<br>Suite 100<br>Palatine, IL 60067 | Patrick Rocks<br>Jeffrey Rudd<br>Jackson Lewis LLP<br>**Attn: Silgan Plastics Corporation Wage and Hour Case, No. 12-cv-8955**<br>150 N. Michigan<br>Suite 2500<br>Chicago, IL 60601 |

If you choose to object to the settlement, your objection must be in writing and must be signed by you. It must be specific about your reasons for objecting to the settlement. It must also include: (a) your full name and current address, and (b) a clear description of the basis for your objection.

| 14. What's the difference between Objecting and Excluding? |
|---|

Objecting is simply telling the Court that you don't believe something about the settlement is fair. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you would like to attend, you are responsible for your own travel costs and expenses.

«Barcode»
«BarcodeString»                                                                                    SIMID «SIMID»

### 15. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on January 15, 2014 at 10:00 a.m., at the United States District Court for the Northern District of Illinois, 219 South Dearborn, Chicago, IL 60604, in Courtroom 2230. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are written objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel. We do not know how long this decision will take.

### 16. Do I have to come to the hearing?

No. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also get your own lawyer to attend, but it is not necessary. You may ask the Court to speak at the Fairness Hearing. To request to speak or to appear through a lawyer, you must send a letter saying that it is your "Notice of Intention to Appear in Silgan Plastics Corporation Wage and Hour Litigation." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **December 20, 2013** and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 13. You cannot speak at the hearing or appear through a lawyer if you excluded yourself.

## IF YOU DO NOTHING

### 17. What happens if I do nothing at all?

If you do nothing, then you will be eligible to receive a settlement award in the amount of $<<MERGED_EstSettAmnt>>.

### 18. What happens if the settlement is not approved?

If the settlement is not approved by the Court, then it will be voided, no money will be paid and the case will continue to be litigated. If that happens, then there is no assurance that: (a) the case will proceed as a class action; (b) any decision at trial would be in favor of the Class Members; (c) any trial or other ruling favorable to the Class would be as favorable to the Class Members as this settlement; or (d) any trial or other ruling favorable to the Class would be upheld if there are appeals.

## GETTING MORE INFORMATION

### 19. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by contacting Settlement Administrator:

Silgan Plastics Settlement
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799
1-888-369-3780

«Barcode»
«BarcodeString»

SIMID «SIMID»

## 20. What should I do if I move or change my contact information?

If you do not keep the Settlement Administrator informed of your current address and other contact information, you may forfeit any entitlement to receive a monetary award. If there is any change in your address or other contact information, please notify Settlement Administrator:

Silgan Plastics Settlement
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799
1-888-369-3780

«Barcode»
«BarcodeString»

SIMID «SIMID»

# EXHIBIT B



January 3, 2014
Case Manager Name : Danielle Behring
Case Manager Email : dbehring@simpluris.com
Case Manager Direct Line : (714) 640-5624

### Shrum v. Silgan Plastics Corporation
*United States District Court Northern District of Illinois, Eastern Division*
### Case No. 1:12-cv-08955

**Plaintiff Counsel**

*Andrew Haber / Favaro & Gorman, Ltd.*
*Patrick Gorman / Favaro & Gorman, Ltd.*

**Defense Counsel**

*Jeffrey Rudd / Jackson Lewis LLP*
*Patrick Rocks / Jackson Lewis LLP*

**Case Milestones**                                                          **Total Class Members : 240**

| | |
|---|---|
| Preliminary Approval Hearing | September 30, 2013 |
| Notification Mailing | October 21, 2013 |
| Opt Out Deadline | December 20, 2013 |
| Objection Deadline | December 20, 2013 |
| Final Approval Hearing | January 15, 2014 |

**Response Summary**

*"Total Responses Submitted" is based on responses processed as of date reflected on the report.*

| Opt Out Form | Total | Rates |
|---|---|---|
| Valid | 0 | 0% |
| Invalid | 0 | 0% |
| Pending | 0 | 0% |
| | | |
| Total Submitted | 0 | 0% |
| **Total Responses Submitted** | **0** | **0.00%** |

## Mailing Details

| Mailing Title | Mailed | Returned | Remailed | Undeliverable |
|---|---|---|---|---|
| Notice Mailing | 240 | 10 | 11 | 2 |

800-779-2104 / Fax - 714-824-8591
www.simpluris.com

Orange County
3176 Pullman Street, Suite 123, Costa Mesa, CA 92626
Orlando
1155 S. Semoran Blvd., Suite 3 - 1120, Winter Park, FL 32792

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SHRUM, individually, and on behalf of all other similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 12 CV 08955 |
| | ) | Magistrate Judge Arlander Keys |
| vs. | ) ) | |
| Silgan Plastics Corporation, a foreign corporation, | ) ) ) | |
| Defendants. | ) ) | |

## FINAL ORDER APPROVING SETTLEMENT

The Parties having appeared before the Court on January 15, 2014, on the Plaintiff's Motion for Final Approval of Settlement in this matter, the Court having reviewed the Parties' Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement Agreement") and other related materials submitted by the Parties, and the Court being fully advised in the Premises,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1.     This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. §1331, 1367, 1441, 1446 and 636(c) including all members of the settlement class, preliminarily certified for settlement purposes only, by Order dated September 30, 2013, and defined as follows:

"all individuals who worked at Defendant's production facility located in Woodstock, Illinois from November 8, 2009 through June 24, 2013 who were classified as non-exempt under the FLSA and IMWL and paid on an hourly basis."

The Court certifies the settlement class for purposes of settlement of this action.

2.     The Court confirms the appointment of Eric Shrum as Class Representative and the Court confirms the appointment Andrew H. Haber and Patrick J. Gorman of Favaro & Gorman, Ltd., as Class Counsel.

1

3.      The Notice of Class Action Settlement sent to the members of the Class, via first class mail, adequately informed the Class members of the terms of the Joint Stipulation and Agreement to Settle Class Action Claims, their estimated recovery if the settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the class and pursue their own remedies, their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement.  The Class Notice also adequately informed the Class Members of contact information for the administrator and Class Counsel.  The Court finds that the Class Notice satisfies the requirements of Fed.R.Civ.P 23(e)(1)(B) and the FLSA.

4.      The Court finds that the strength of Plaintiff's case on the merits, weighed against the Defendant's defenses, and the complexity, length and expense of further litigation support approval of the settlement; the settlement amount of $425,000.00, as set forth in the Settlement Agreement, is a fair, reasonable and adequate settlement of Plaintiff's claims; the settlement was reached pursuant to arm's length negotiations between the Parties; the support for the settlement expressed by Class Counsel and Defendant's counsel, both who have significant experience representing parties in complex actions, including those involving wage claims, weighs in favor of approval of the settlement; the absence of any objections to the Settlement Agreement by any Class Member supports approval of the settlement; and the litigation had progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and that state of the proceedings supports approval of the Settlement Agreement.

5.      The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members.

6.      In accordance with the Settlement Agreement, Defendants will mail or otherwise transmit to the Claims Administrator the amount of $425,000.00 within ten (10) days after the Effective Date as defined in the Settlement Agreement.

7.      A Class Representative Incentive Award of $10,000.00 to Plaintiff Eric Shrum is approved and shall be paid pursuant to the terms of the Settlement Agreement.

8.      The Plaintiff's Class Counsel's Petition for Attorney's Fees is granted and Class Counsel shall be paid $141,666.66 in fees and costs pursuant to the terms of the Settlement Agreement.

9.      The Court grants final approval of the Settlement Agreement.  This matter is dismissed without prejudice but will automatically convert to a dismissal with prejudice after September 3, 2014.

10.     This Order will be effective as of January 29, 2014.

ORDERED this _____ day of January, 2014, in Chicago, Illinois.


_____

THE HONORABLE ARLANDER KEYS
UNITED STATES DISTRICT JUDGE