IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ERIC SHRUM, individually, and on behalf of all other similarly situated,**<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**Silgan Plastics Corporation, a foreign corporation,**<br><br>　　　　**Defendants.** | **12 CV 08955**<br>**Magistrate Judge Arlander Keys** |

## CLASS COUNSEL PETITION FOR FEES

NOW COMES Favaro & Gorman, Ltd., as Class Counsel, and hereby applies with this Court for its attorney's fees. In support of this Petition, Favaro & Gorman state as follows:

### BACKGROUND

Plaintiff, Eric Shrum, filed this class action lawsuit on November 9, 2012, alleging that hourly employees at Silgan Plastics Corporation's Woodstock, Illinois facility were not being paid for all hours worked and for overtime hours. Defendant, Silgan Plastics Corporation, denied such allegations. During the course of discovery, the parties began settlement discussions. On June 24, 2013, the parties participated in a settlement conference before this Court. In addition to counsel, Eric Shrum and representatives of Silgan Plastics Corporation were present. As a result of that conference, the parties entered into a Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement Agreement"). On September 30, 2013, Plaintiff submitted an Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class. This Court subsequently entered an Order granting preliminary approval.

Fed.R.Civ.P. 23 (h) provides that, in a class action, "the court may award reasonable attorney's fees....that are authorized by law or by the parties' agreement."

Under the Settlement Agreement, a Common Fund of $425,000.0 was established, from which is to be paid settlement awards to all the class members, an incentive award to Eric Shrum, and fees and costs to Class Counsel. Under the Settlement Agreement, Class Counsel shall seek one-third of the Common Fund (or $141,666.66) for fees and costs and Defendant will not object to this Court's approval of such amount. This Court facilitated the settlement of this case based on this amount to Class Counsel. The Notice to the Class specified this amount and notified class members of their right to object, yet no class member has objected to this amount; moreover, the class representative has endorsed this amount and had agreed to pay attorney's fees on a contingency basis (whether by settlement or otherwise) when he initially retained Class Counsel.

The "Common Fund Doctrine" provides for Class Counsel to receive their fees on a percentage basis from the gross amount received on behalf of the class. The doctrine is based on the notion that those who have benefited from the litigation should share in its costs. *Skelton v. General Motors Corp.*, 860 F.2d 250, 252 (7th Cir. 1988). In confirming the reasonableness of a fee, "Courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In Re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). The market rate depends in part on: (1) risk of nonpayment a firm agrees to bear; (2) the quality of its performance; (3) the amount of work necessary to resolve the litigation, and; (4) the stakes of the case. *Id. at 721*.

Here, Class Counsel assumed the risk that they might recover nothing; they succeeded in recovering an average of $1,138 per class member (after fees and costs for 240 class members); they filed the complaint, undertook discovery (involving sampling and analysis of employee hours which had to be reviewed by the day); participated in settlement negotiations and shepherded the case to its conclusion, and; the stakes of this case were moderately high, given the number of employees and the nature of the claims. Application of the *Synthroid* factors to this case clearly justifies the award of one-third of the settlement amount.

Additionally, the Court should consider fee awards in other common fund cases. Fee awards in common fund cases from the Seventh Circuit show that an award of one-third of the settlement funds is considered reasonable. *Schultz v Fifth Third Bank* 805 F.Supp2d. 560 (N.D. Ill. 2011).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests this Honorable Court to enter an Order:

a) granting this Petition and directing that Class Counsel be paid $141,666.66 in fees and costs pursuant to the terms of the Settlement Agreement, and;

b) granting such other and further relief as is just and proper.

Respectfully submitted,

*/s/ Patrick J. Gorman*<br>One of Plaintiff's attorneys

Patrick J. Gorman
Andrew H. Haber
Favaro & Gorman, Ltd.
835 Sterling Ave., Suite 100
Palatine, IL 60067
(847) 934-0060